UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANTE D. ASHLEY,

        Plaintiff,

v.                                                       Case No. 17-C-1785

SHANICE JONES,

        Defendant.

---

## DECISION AND ORDER

---

On December 21, 2017, Plaintiff Dante Ashley, who is representing himself and is currently incarcerated at Waupun Correctional Institution, filed this complaint alleging claims pursuant to 42 U.S.C. § 1983 that Defendant Shanice Jones violated his constitutional rights by failing to intervene when Ashley's cell mate assaulted him and by her deliberate indifference to the injuries he sustained. ECF No. 1. On January 11, 2018, the Court screened Ashley's complaint and allowed him to proceed on his failure to intervene claim. ECF No. 7. The Court dismissed Ashley's deliberate indifference claim because Ashley had failed to state a claim. *Id*. Specifically, the Court found that Ashley had failed to plead allegations that he had suffered a serious medical injury. On July 24, 2018, Ashley filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 15. Ashley asks the Court for permission to amend his complaint to allege additional facts pertaining to his injuries in order to show his serious medical need and to be allowed to proceed on his deliberate indifference claim.

To begin with, although Ashley titled this a Rule 59 motion to alter or amend judgment, the Court will construe it as a Rule 15 motion to amend his pleadings. Ashley is a *pro se* plaintiff, thus

the Court looks to the substance of his motion, rather than the title. No judgment has been issued in this case, so Rule 59 is not applicable. However, because Ashley seeks leave to amend his complaint, Rule 15 is the applicable rule.

Construing Ashley's motion as a motion to amend, it will be denied without prejudice for failure to comply with Civil Local Rules 15(a) and 15(b). Civil Local Rule 15(a) requires an amended pleading to be reproduced in its entirety. Civil Local Rule 15(b) requires a party filing a motion to amend to explain the proposed changes within the motion and to attach the proposed amended pleading. Although Ashley has referred to the type of changes he would like to make, he has not attached a proposed amended complaint. As such, the Court cannot assess whether leave to amend the complaint is warranted.

Therefore, Ashley's motion for leave to amend his complaint is denied without prejudice. Ashley may submit another motion for leave to amend that is compliant with Civil Local Rule 15. To avoid further delay in the resolution of this matter, Ashley is advised that he must file any such motion within thirty (30) days of the date of this order. Absent a showing of good cause, no further amendments will be allowed after that point.

Ashley is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If the Court grants Ashley leave to amend, it will instruct the Clerk to docket the proposed amended

complaint and the amended complaint will be screened pursuant to 28 U.S.C. § 1915A. The Court notes that the current discovery deadline is August 23, 2018, and is still in effect. If the Court ultimately grants Ashley leave to amend his complaint, the Court will address the discovery and dispositive motion deadlines at that time.

**IT IS THEREFORE ORDERED** that Ashley's motion to alter judgment (ECF No. 15) is **DENIED WITHOUT PREJUDICE**.

Dated this   31st   day of July, 2018.

                                        s/ William C. Griesbach
                                        William C. Griesbach, Chief Judge
                                        United States District Court