# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANTE D. ASHLEY,

        Plaintiff,

v.                                         Case No. 17-C-1785

SHANICE JONES et al.,

        Defendants.

## ORDER DENYING MOTION TO AMEND COMPLAINT

On December 21, 2017, *pro se* Plaintiff Dante D. Ashley filed a complaint alleging that Defendant Shanice Jones (CO Jones) was deliberately indifferent to Ashley's health, safety, and medical needs for failure to intervene when Ashley was being beaten by another inmate and for failure respond to his medical needs after the beating. ECF No. 1. In a screening order dated January 11, 2018, the court allowed Ashley to proceed on the failure to intervene claim but dismissed the failure to respond to medical needs claim. ECF No. 7. In an attempt to reinstate his failure to respond to medical needs claim, on July 24, 2018, Ashley filed a Rule 59(e) motion to alter judgment, which this court construed as a Rule 15 motion to amend pleadings and denied his request. ECF Nos. 15, 18. On August 14, 2018, Ashley filed a motion for reconsideration, which was denied. ECF Nos. 19, 21. In its order denying Ashley's motion to alter judgment, the court allowed Ashley until August 31, 2018, to file a motion for leave to amend the complaint. ECF No. 18. Ashley did so, but the proposed amendment fails to cure the complaint's previous defects regarding the failure to respond to medical needs claim. As a result, the motion will be denied.

Plaintiff's proposed amended complaint fails to allege facts necessary to support a claim against CO Jones for deliberate indifference to his medical needs. To state a claim for deliberate indifference to medical needs, a plaintiff must allege that (1) a substantial risk of serious harm to the plaintiff's health existed and that (2) the defendant was aware of the risk and intentionally disregarded it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

Plaintiff's proposed amended complaint alleges that because CO Jones failed to summon immediate medical care, Plaintiff suffered a painful lip, a flowering black eye, swollen facial tissue, and subsisting pains and headaches. Proposed Am. Compl., ECF No. 22. But those are the injuries Plaintiff alleges he suffered from the attack by the other inmate CO Jones failed to restrain. There is no allegation that they were made worse by CO Jones' failure to immediately summon a nurse. Given the type of injuries alleged, it is not plausible that failure to render immediate medical attention would have aggravated them. Simply stated, a painful lip, a black eye, swollen facial tissue and a headache do not amount to deliberate indifference to serious medical needs.

The court can deny a motion for leave to amend where the pleading is futile. *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848–49 (7th Cir. 2002); *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001). An amendment is futile when it could not withstand a motion to dismiss. *See Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992). Because Plaintiff's proposed amended complaint fails to allege facts supporting a plausible claim for deliberate indifference to serious medical needs, the claim would therefore not survive such a motion. The proposed amendment is therefore futile, and the motion for leave to amend is accordingly denied. The original complaint remains the operative pleading.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to amend the complaint (ECF No. 22) is **DENIED**.

Dated this   12th   day of September, 2018.

                                                s/ William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United States District Court